DEBT.

## Commonwealth, for use of Gilbert *vs* York, &c.

Case 13.

ERROR TO THE OWSLEY CIRCUIT.

*Revivor. Practice in suits at law.*

December 20.

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

Case stated.

THIS was action of debt upon a Constable's bond, against the principal obligor and his two sureties; and

the principal question arises upon the proceedings which occurred after the death of D. York, one of the defendants.. The record shows that after the suit, on motion of the plaintiff, had been abated as to D. York, the decedent, it was, on motion of the defendants, and notwithstanding the opposition of the plaintiff, revived as against the administrator of D. York, who thereupon, entered his appearance, but did nothing more, and the cause was continued. The plaintiff excepted to this revival of the suit against the administrator. And at the next term, the parties appeared, by attorneys, and the plaintiff's counsel refusing to prosecute the suit further, an order was made dismissing it for want of prosecution, and that the defendants recover their costs, &c.

By the common law, the death of one of several plaintiffs or defendants, abated the entire suit, and it was necessary to commence *de novo*, either against the survivors alone, or against the representative of the deceased obligor, if there was a several obligation. This inconvenience has been remedied by statute, both in England and in this State. Our statute of 1797, (*Stat. Law*, 86,) provides that upon the death of one of several plaintiffs or defendants, if the cause of action would survive to or against the survivors, the action shall not adate, but shall proceed at the suit of the surviving plaintiffs, or against the surviving defendants.

We know of no statute or rule of law or practice which authorizes the suit, in such case, to be prosecuted by or against the survivors, in conjunction with the representatives of the deceased party. On the contrary, the rule established by the uniform practice for ages, that a judgment cannot be rendered in that form, because the parties are entitled or liable in different rights or characters, evidently prohibits the revival, as well as the original prosecution of the suit in that form. Not only then was it erroneous to revive the suit against the administrator of D. York, thereby making him a co-defendant with the survivors. But by this revivor the action was put in a shape in which, according to the rules of law, it could not be prosecuted with effect, and

COMMONWEALTH
*vs*
YORK, &c.

By the common law the death of one of several plaintiffs or defendants abated the suit, and it was necessary to commence *de novo*, either against the survivors alone or the representative of the decedent, if there was a several obligation. This is changed in England and in Ky. by the act of 1797, (*Stat. Law* 86,) and the suit shall not abate if the action would survive against the surviving plaintiff or against the surviving def't.

But there is no statute authorizing the prosecution of the suit in such case, in favor of or against the surviving plaintiff or defendant in conjunction with the representative of the deceased party. The parties to the judgment being entitled, or liable in different rights.

in which the plaintiff could not be entitled to a judg-
ment. This having been done, not by the plaintiff but
against his consent, and by the Court, on motion of the
defendants, the plaintiff was certainly not bound to
prosecute the action in the shape which had been thus
given to it. But the question is whether his refusal to
prosecute the suit thus, without his fault or consent,
rendered irregular and fruitless, should be regarded as
a conclusive abandonment of that particular action,
precluding him from a resort to this Court for the pur-
pose of correcting the irregularities and putting it again
in the form in which he had placed it. He was entitled,
in some mode of proceeding, to have the suit restored
to its proper condition. Was it necessary to the pre-
servation of this right, that he should continue in Court
from term to term, prosecuting to final judgment a
suit which had been virtually taken from his control,
and in which no appropriate judgment could be render-
ed for him?

The case is anomalous. But it seems to us that the
plaintiff had a right to consider the suit as virtually ter-
minated, so far as he was concerned, by the order of
revival, and that his refusal further to prosecute it,
placed him in no worse condition than if the Court had
abated or dismissed the entire suit, because he refused
to revive it against the administrator of D. York. He
did not lose all benefit in what he had rightly done, by
refusing to incur further expense and trouble in prose-
cuting the suit in an unauthorized form, given to it
against his consent. And even if the other parties
might have been precluded from taking advantage of
the irregularity produced by themselves, which so far as
the administrator is concerned, is by no means certain,
still the plaintiff was not bound to submit his action to
their direction or control. And his refusal to do so did
not, in our opinion, drive him to the necessity of bring-
ing a new suit, but being the speediest and cheapest,
would seem also to have been the most convenient mode
of bringing this action to a formal and final termina-
tion, without which the proceeding could not be subject-
ed to the revision of this Court.

It seems to us, therefore, that notwithstanding the refusal to prosecute the suit further, in the form which it had assumed, the plaintiff retained the right of resorting to this Court for the purpose of having it restored to its proper condition for the benefit of the relator.

Upon the other questions presented by the record, it is only necessary to say that the original declaration seems to be sufficient, but the amendment afterwards filed, is defective as a separate count, in not showing either expressly or by reference, the obligation of the defendants, and in not stating that D. York received the executions, &c., while he was Constable. And if it is to be regarded as only intended to show additional breaches under the original count, it is defective for the last reason just stated, and also in not showing distinctly, that it is a mere addition or amendment to the original count, and to what part of it it is to be applied. The demurrer to the amendment was, therefore, properly sustained.

But for the error before stated, of reviving the suit against the administrator of D. York, the judgment is reversed and the cause remanded, with directions to set aside said order of revivor, and for further proceedings, the pleadings being subject to amendment as usual, on leave of the Court.

*Ensworth* for plaintiff.

Where one of several defendants died, the court required the plaintiff to revive against the representative of the decedent. Held that plaintiff who opposed such revivor was not bound farther to prosecute his suit so erroneously revived, but upon its being dismissed for his failure to prosecute, might resort to this court and have the error corrected, which was done by the order of this court to set aside the order of revivor and let the suit progress.